ELLEN McCABE *vs.* SAMUEL M. BELLOWS & another.

A tenant in dower cannot maintain a bill in equity to redeem land from a mortgage made by her husband and herself, without offering to pay the whole amount due on the mortgage.

BILL IN EQUITY by a widow to redeem land from a mortgage made to Stephen S. Seavy by her husband during coverture, in which she had released her right of dower.

It was alleged in the bill, and found by the report of a master to whom the case was referred, that after the making of this mortgage and before the death of the husband the following transaction took place : The husband conveyed the land to the defendant Bellows by a deed in which his wife did not join. Bellows took possession of the premises under a judgment in forcible entry and detainer against this plaintiff, and conveyed the land to the other defendant, and afterwards took an assignment of the mortgage from Seavy.

The plaintiff, in the bill, offered to pay " her just proportion " of the mortgage, but did not offer to pay the whole amount due thereon, and this was one ground of objection made by the defendant to the maintenance of the bill.

*I. S. Morse & A. C. Clark,* for the plaintiff.

*B. F. Butler,* for the defendants.

THOMAS, J.    It is quite plain that the plaintiff cannot redeem the estate except upon an offer to pay the whole amount due on the mortgage. *Gibson* v. *Crehore,* 5 Pick. 151–153. *Eaton* v. *Simonds,* 14 Pick. 98. *Brown* v. *Lapham,* 3 Cush. 554. Having joined in the mortgage to secure the payment of the mortgage debt, she has barred herself of her right of dower, as against the mortgagee, and so far as is necessary for the payment of his mortgage. It is only when that debt is paid, or when the mortgagee does not object, that her dower can be assigned. *Henry's case,* 4 Cush. 257. She is entitled to dower in the mortgaged premises, as against every person except the mortgagee and those claiming under him. If any person claiming under her husband

has redeemed, she may repay her proportion of the amount so paid, and have her dower of the whole estate ; or she may have her dower according to the value of the estate, after deducting the amount paid for the redemption. Rev. Sts. *c.* 60, § 2. *Newton* v. *Cook*, 4 Gray, 46. But as against the mortgagee she can only have dower by redeeming the mortgage.

In *Van Vronker* v. *Eastman*, 7 Met. 157, the question, whether the plaintiff should pay the entire sum, or only in proportion to the value of her estate in dower, does not seem to have been raised. The prayer of the bill was, that the plaintiff might be at liberty to redeem the estate, or contribute towards the redemption thereof. The question discussed was, whether the plaintiff should also pay her proportion of the amount of an incumbrance created under the lien law, and for which the estate had been sold under the provisions of the statute. The court decided that the widow was not bound to pay any proportion of the lien, but that she should pay towards the mortgage in proportion to the value of the estate. As the mortgagee was the owner also of the equity, he may not have objected to this course, because, if she paid the whole mortgage debt, she would hold the mortgage as equitable assignee, beyond her proportion, and the defendant would have again to redeem of her.

In *Gibson* v. *Crehore*, the decree was for the widow to redeem by paying her proportional part; but this was upon the election of the mortgagees, the court having expressly decided that she could redeem on no other terms but by the payment of the whole debt. 5 Pick. 153.

There would seem to be a conflict in the doctrine of the case of *Van Vronker* v. *Eastman* with the prior case of *Gibson* v. *Crehore* and the subsequent one of *Brown* v. *Lapham* ; but it is reconciled by a careful view of the facts of the cases.

As the plaintiff makes no offer to redeem the whole mortgage, the bill must, in this form, be dismissed.